**WO**                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Bagood,<br><br>                    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>                    Defendant. | No. CV-16-02055-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Commissioner of Social Security Administration's Motion to Dismiss (Doc. 7, Mot.), to which Plaintiff filed a Response (Doc. 8, Resp.). Defendant did not file a Reply brief. The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.     BACKGROUND**

On January 16, 2015, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application for Title II benefits under the Social Security Act for failure to file an appeal within 60 days of the notice date of denial of benefits as required by 20 C.F.R. § 404.901.

On March 31, 2015, Plaintiff submitted a request for review of the ALJ's decision, coupled with a request to find good cause excusing the tardy appeal. Plaintiff averred that her counsel did not receive the January 16, 2015 decision until March 30, 2015 and that Plaintiff's request was therefore timely. Even if not timely, Plaintiff moved to excuse the delay for good cause. Plaintiff's request was denied as untimely and no good cause

found. Regardless of the date Plaintiff received the decision, she admits that the appeal was at least "eight days late." (Resp. at 1.)

## II. LEGAL STANDARD

The United States, as sovereign, is immune from suit "save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules, Inc. v. United States*, 516 U.S. 417 (1996) (quotation and citation omitted). The Government's waiver of sovereign immunity should be strictly construed—with respect to scope—in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). When ruling on a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1), "a court may look beyond the complaint and consider extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003).

For cases arising under Title II of the Social Security Act, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review. *See* 42 U.S.C. § 405(h). Under that section, "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice . . . ." 42 U.S.C. § 405(g).

The term "final decision" is not defined by the Social Security Act and "its meaning is left to the [Commissioner of Social Security] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 676 (1975). The regulations provide that a "final decision" is available only when a claimant has received an initial determination and has sought review of that determination through the administrative appellate process. *See* 20 C.F.R. § 416.1400(a); *Califano v. Sanders*, 430 U.S. 99, 102 (1977).

## III. ANALYSIS

Defendant moves to dismiss Plaintiff's action on the grounds that the Court lacks jurisdiction due to her untimely appeal, which is not a final decision that this Court may review. (Mot. at 4-5.) Additionally, the failure to file a timely appeal resulted in a failure

- 2 -

to exhaust administrative remedies, also precluding jurisdiction. (Mot. at 4-5). Given the following, the Court agrees.

Under the administrative appellate process, a claimant dissatisfied with the initial benefits determination may ask for reconsideration and a hearing before an ALJ. *See* 20 C.F.R. §§ 416.1402, 416.1407, 416.1414. If still dissatisfied after receiving the ALJ's decision, the claimant may request that the Appeals Council review the decision. *See* 20 C.F.R. § 416.1467. The Appeals Council may (1) deny the request for review, resting on the ALJ's decision as the final decision of the Commissioner of Social Security, (2) grant the request for review and issue its own final decision, or (3) dismiss the request. *See* 20 C.F.R. §§ 416.1471, 416.1481. In the former two scenarios, the claimant may seek judicial review of those final decisions in federal district court. *See* 20 C.F.R. § 416.1481. In the latter, where the Appeals Council dismisses the request for review, the dismissal "is binding and not subject to further review." *See* 20 C.F.R. §§ 416.1471, 416.1472. If claimants fail to pursue all of the steps of the administrative appellate process within the time period specified, they will "lose their right to further administrative review and their right to judicial review," unless they demonstrate "good cause" for failing to timely request review. 20 C.F.R. § 416.1400(b); *see also Bowen v. City of New York*, 476 U.S. 467, 472 (1986) ("Proceeding through these three stages exhausts the claimant's administrative remedies").

Defendant issued notice of the ALJ's decision on January 16, 2015. Plaintiff filed her request for review on March 31, 2015. After reviewing Defendant's request to allow the review as timely or to allow the appeal on a showing of good cause, the Appeals Council found no good cause for the lateness and dismissed the untimely request. That dismissal was "binding and not subject to further review" in federal court. *See* 20 C.F.R. §§ 416.1471, 416.1472. The regulatory scheme does not provide for judicial review of the dismissal of a request for Appeals Council review. *Compare* 20 C.F.R. § 416.1472 *with* § 416.1403(8). Further, the Ninth Circuit has rejected the argument that the Appeals Council's dismissal of a request of review of the ALJ decision is a "final decision" under

1 § 405(g). *See Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir. 1980) (noting that judicial review of decisions on extensions would "make decisions on disability claims infinitely reviewable, because a claimant could, at any point down the road, ask [the Secretary] to exercise its discretion to extend the filing period"). Indeed, that is the dominant holding in circuits which have addressed the issue. *See Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990) (collecting cases). Accordingly, there is no final decision to assess and this Court lacks jurisdiction. *See* 42 U.S.C. § 405(g).

Plaintiff's only response is to repeat her good cause argument—that she cannot demonstrate when the decision actually arrived, that the appeal was only eight days late, that the amount of benefits at issue outweigh the short delay, and that Defendant was dilatory in mailing her decision—which was also lodged to the Appeals Council. (Resp. at 1-3.) This argument is unreviewable. The Court has no jurisdiction to determine whether the Appeals Council erred in finding Plaintiff's request for review to be untimely or her delay without good cause.

### III. CONCLUSION

Because the Appeals Council's dismissal is not a final decision, this Court has no jurisdiction to hear this action. Further, by failing to timely appeal, Plaintiff did not exhaust the administrative remedies available to her, also precluding district court jurisdiction.[1] This determination gives effect to the intent of Congress in requiring a final decision for judicial review. *See Sanders*, 430 U.S. at 108; *Matlock*, 908 F.2d at 494 ("permitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims").

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 7).

---

[1] The Court is aware that, unlike the underlying jurisdictional requirement, the requirement that a claimant exhaust administrative remedies is waivable. *See Bowen*, 476 U.S. 467. However, given the briefing, it is clear that Defendant has not waived jurisdiction. Moreover, lack of jurisdiction due to absence of a final decision alone is dispositive.

- 4 -

1    **IT IS FURTHER ORDERED** directing the Clerk of Court to enter final
2 judgment accordingly and close this action.
3    Dated this 25th day of January, 2017.

Honorable John J. Tuchi
United States District Judge